IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BRENDA L. PETERSON                                                                                PLAINTIFF

V.                                              NO. 09-3085

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Brenda L. Peterson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff filed her current application for DIB on April 3, 2007, due to "female problems" and numbness on her right side and nerves. (Tr. 64, 139). An administrative hearing was held on February 20, 2009, at which Plaintiff appeared with counsel and testified, along with her husband. (Tr. 4-56). By written decision dated July 31, 2009, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - mood disorder, right side numbness/weakness, and disorder of the female genital organs. (Tr. 660). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in

Appendix I, Subpart P, Regulation No. 4. (Tr. 66). The ALJ found Plaintiff could not perform her past relevant work, but retained the residual functional capacity (RFC) to:

> lift and carry 20 pounds occasionally and 10 pounds frequently. The individual can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The individual can frequently handle and finger with her right (dominant) upper extremity. The individual can perform unskilled work where interpersonal contact is incidental to the work performed.

(Tr. 67). With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform other work such as maid, laundry worker, and dry cleaner worker. (Tr. 70). Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 3, 2009. (Tr. 1-2). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

**II. Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In

other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

In his decision, the ALJ gave the opinion of Dr. Simon Abraham, who examined Plaintiff on September 20, 2007, greater weight than those of Drs. Van Smith, Ph.D. and Steve Allen, Ph.D. In his report, Dr. Abraham noted that Plaintiff had a slight limp favoring her right lower limb, although he also found her to have normal range of motion in her cervical and lumbar spine and normal range of motion in her extremities. (Tr. 227-228). Dr. Abraham also found that Plaintiff was able to function with all of her limbs. He diagnosed Plaintiff with weakness and numbness in her right upper and lower limb, and then noted "??MS." Dr. Abraham obviously questioned whether Plaintiff might be suffering from multiple sclerosis. It is noteworthy that Dr. Abraham recommended that Plaintiff needed a "neuro consult," a MRE and a spinal fluid study (Tr. 230), and that no such consult was ordered. Further, the ALJ did not address Dr. Abraham's recommendation in his decision. Instead, the ALJ questioned Plaintiff's credibility with respect to her allegations, noting that Dr. Abraham found that she had no limitations with respect to her ability to walk, stand, sit, lift, carry, handle, finger, see, hear or speak. The ALJ concluded that all of the available evidence had been considered and that the impairment "had been addressed as reflected in the residual functional capacity statement by restricting the amount of weight to be handled, the amount of sitting, standing, and walking to be done, and the amount of handling and fingering to be done with claimant's right upper extremity." (Tr. 69).

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is

independent of Plaintiff's burden to press his case. <u>Vossen v. Astrue</u>, 612 F.3d 1011, 1016 (8th Cir. 2010).

In the present case, the Court believes there is ample evidence from the medical records as well as the testimony presented at the hearing, that Plaintiff did suffer, and continues to suffer from weakness/numbness and pain in her right side, and this was confirmed by the testimony of her husband. There were no other physical examinations or physical RFC assessments obtained by the ALJ in this case, and the fact that the ALJ relied heavily on Dr. Abraham's opinion but neglected to address Dr. Abraham's recommendation for further consult and tests leads the Court to conclude that the ALJ failed to full and fairly develop the record. Accordingly, the Court is of the opinion that this matter should be remanded to the ALJ for him to direct Plaintiff to be seen by a neurologist, to more fully develop the record as to Plaintiff's physical limitations. The ALJ should also obtain a Physical RFC Assessment from the neurologist and thereafter re-evaluate his RFC finding.

## IV. Conclusion

Based upon the foregoing, the undersigned reverses the decision of the ALJ and remands this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 14th day of February, 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE